477 P.2d 148

Jim FISHER, for and on behalf of himself and other persons similarly situated, Plaintiffs and Respondents,

v.

Lynn J. MARSH, Salt Lake City Personnel Director, et al., Defendants and Appellants.

No. 12034.

Supreme Court of Utah.

Nov. 25, 1970.

---

Jack L. Crellin, Salt Lake City Atty., Roger F. Cutler, Asst. Salt Lake City Atty., Salt Lake City, for defendants and appellants.

A. Wally Sandack, of Draper, Sandack & Saperstein, Salt Lake City, for plaintiffs and respondents.

HENRIOD, Justice.

Appeal from a declaratory judgment permanently enjoining the Salt Lake City Fire Department Chief, the City Personnel Director, and the City Commission from promulgating questionnaires asking city employees to advise if 1) they had outside employment, and if so 2) who were their employers, 3) the number of hours worked, 4) the type of work, and 5) whether such employers do business with the City. Reversed.

This matter has something, but not much, if anything at all, to do with the so-called "Employees' Ethics Act," Chap. 16, Utah Code Annotated 1953, as amended (Chap. 128, Laws of Utah 1969, Replacement Vol. 7A, p. 153, 1969 Pocket Supplement).

The injunction was based on Sec. 11 of the Act,[1] which the trial court said prohibited the requirement that the information be given.

We do not read or interpret it that way.

The purpose of the Act (Sec. 2) is to set forth standards of conduct for public officers and employees where there is a question of conflicts of interest between their public and private employment. It has to do largely with what such employees can't do. Sec. 4 says such an employee cannot accept employment if it is likely to require him to divulge confidential information acquired in his government job, or use it for private gain, or personal privilege, or affect

1. Sec. 11. "Notwithstanding the provisions of any other law, charter, or ordinance, the provisions of this act shall be exclusively applicable to all public officers and public employees and shall supersede the provisions of any such other law, charter or ordinance."

his official judgment. Sec. 5 prohibits the taking of gifts or loans if it would tend to influence him in his official job, or if he is involved officially in a way that affects the donor, except occasionally for something under $50, or to receive an award or political donation in a campaign. Sec. 6 says he cannot receive anything to assist another in a business transaction with the government, without notifying his agency and the Secretary of State of the details. Secs. 7 and 8 are of similar import.

If the government employee is conducting himself or is about to conduct himself in a manner which would constitute a conflict of interest as detailed in the sections, he is guilty of a misdemeanor under the Act and "shall be dismissed" (Sec. 12).

The injunction here volunteers that under Sec. 11 of the Act the defendant Fire Chief, Personnel Director and Commission have no power to determine by asking questions if there is a conflict of interest on the part of an employee, as defined in the Act. It seems to us that the plain wording of the Act, its interdictions and its stated obvious purpose do not prohibit a state agency's "boss" from asking simple, reasonable questions with respect to compliance therewith, but actually is an invitation for him to do so in order to assist in carrying out another purpose of the legislation found in Sec. 2, to "promote the public interest and strengthen the faith and confidence of the people of Utah in the integrity of their gov-

ernment." We think the questions were neither onerous nor unreasonable, nor violative of the Act, and the questionnaire is not another "law, charter or ordinance" that defines what "conflict of interest" is.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.